UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM                    **Date:**  July 17, 2026

**Title:**    *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

========================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner | Attorneys Present for Respondent |
|:---:|:---:|
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Jimena Aranda Yglesias filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 13, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

**I.     Factual Background**

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center, within the Central District of California. (Pet. ¶¶ 10, 15.) She entered the United States in April 2024 to seek asylum. (Pet. ¶ 22.) Shortly after entry, she was detained by immigration authorities and placed in removal proceedings. On April 25, 2024, Petitioner was released on her own recognizance, subject to conditions. (Pet. ¶¶ 22-23.)

Following her release, Petitioner resided near Santa Maria, California, and pursued her asylum case. After she was ordered removed, she filed an appeal to the BIA, which remains pending. (Pet. ¶ 24; *see also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.) She alleges that she complied with the conditions of her release and appeared as required. (Pet. ¶ 26.)

Page **1** of **9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM                    **Date:**  July 17, 2026

**Title:**      *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

================================================================

On June 15, 2026, Petitioner reported to the ISAP field office in Santa Maria and was detained by ICE. She was given no prior notice or opportunity to contest her detention. (Pet. ¶¶ 27-28.) She claims the ICE officer told her she was being taken into custody because she had been ordered removed; he refused to listen to her explanation that she had filed an appeal to the BIA, and that her removal order was therefore not final. (Pet. ¶¶ 27-28.)

Petitioner filed this Petition on July 13, 2026, arguing, among other things, violation of her procedural due process rights. (Pet. ¶¶ 51-57.) Respondents filed their Answer, indicating that they did not oppose the relief sought in the Petition. (ECF 8.) In light of Respondents' non-opposition, the Court declines to hold the Petition awaiting Petitioner's reply, and instead rules on the basis of the pleadings received to date.

## II.    Analysis

Petitioner argues that her detention violates due process and asks for release. (Pet. ¶¶ 51-57, and at 18.) Respondents "are not presenting an opposition argument at this time." (ECF 8 at 2.) Respondents' non-opposition itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Beyond that, Petitioner's claim is meritorious. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM                    **Date:**  July 17, 2026

**Title:**      *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

========================================================================

protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection afforded by the Due Process Clause runs to citizens and noncitizens alike. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (cleaned up) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Evaluating the contours of Petitioner's due process rights proceeds in two steps: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at \*2 (E.D. Cal. July 14, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

      1.      *Protected liberty interest*

On the first point, the Court finds that Petitioner has a protected liberty interest in remaining at liberty in the community absent sufficient justification for her re-detention.

Conditional release from physical restraint may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). Once an individual is granted conditional release, therefore, she may have a protected liberty interest in remaining in the community—and an attendant right to procedural protections before that liberty is revoked. *See id.* (due process requires pre-deprivation hearing before revocation of pre-parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). In deciding whether a specific form of conditional release gives rise to a protected liberty interest, courts compare the form of conditional release at issue with the parolee's liberty interest as described in *Morrissey v. Brewer*, a seminal case in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM                          **Date:**  July 17, 2026

**Title:**       *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

===================================================================

area. *See González-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole enables a parolee "to do a wide range of things" available to individuals who have never been convicted of any crime—to live at home, work, be with her friends and family, and "form the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," including monitoring and requiring authorization to work and travel, the parolee's "condition is very different from that of confinement in a prison." *Id.* Moreover, a parolee "relie[s] on at least an implicit promise that parole will be revoked only if she fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in her continued liberty. *Id.* at 481-84.

Petitioner was granted release on her own recognizance pending completion of her removal proceedings. (Pet. ¶¶ 22-23.) Her release was an implicit promise that she would be able to stay in the community for the duration of her administrative proceedings so long as she complied with the conditions of her release. Her conditional release permitted her to live in the community and put down ties here. The Court thus easily concludes—as have many courts in this Circuit—that once Petitioner was released on bond, she gained a protected liberty interest in remaining out of custody. *E.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody"); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (finding that "the government's decision to release an individual [from immigration custody] creates an implicit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM                          **Date:**  July 17, 2026

**Title:**      *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

==================================================================

promise that the individual's liberty will be revoked only if they fail to abide by the conditions of their release") (cleaned up); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").

### 2.      *Process owed in connection with re-detention*

Given that Petitioner has a protected liberty interest in her conditional release, the question is what process she is owed before the government would take that liberty interest away. Petitioner claims that due process required process *before* she was taken into custody. (Pet. ¶ 54.) She thus argues that the appropriate habeas remedy is for her to be released back to the community. (Pet. at 18.) The Court agrees.

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming, without deciding, that *Mathews v. Eldridge* applies in immigration detention context, and collecting authority applying *Mathews* to immigration detention). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM          **Date:**  July 17, 2026

**Title:**     *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

===================================================================

fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. Each of the three *Mathews* factors supports Petitioner's constitutional right to process *before* she was re-detained.

As to the first factor, and as set out in the prior section, the liberty interest at stake here is significant. Petitioner has a substantial interest in remaining in her home, working, and maintaining her relationships in the community. *See Ortega*, 415 F. Supp. 3d at 970 (holding that petitioner had a substantial liberty interest where he had been released from custody for 18 months and was living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community).

Turning to the second *Mathews* factor, there is a significant risk that the government will erroneously deprive Petitioner of that liberty interest if it does not provide her with pre-deprivation process. The crux of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) And where a petitioner has not received any custody hearing or other process in connection with the revocation of her parole, "the risk of an erroneous deprivation [of liberty] is high." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up).

Indeed, Respondents have not identified any process in place to ensure that individuals in Petitioner's position are not detained improperly. Civil immigration detention is constitutionally permissible only to prevent flight or protect against danger to the community. *See Zadvydas*, 533 U.S. at 690. Evaluation of the appropriateness of detention under § 1226(a) is keyed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM          **Date:**  July 17, 2026

**Title:**      *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

================================================================

those same two factors. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). It was those factors that were necessarily found when Petitioner was initially released. (Pet. ¶ 22); *see Noori v. LaRose*, 807 F. Supp. 3d 1146, 1167 (S.D. Cal. 2025) ("In general, '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted) (a petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk"). And once she was released, she had a liberty interest "in remaining at liberty unless [he] no longer meets those criteria." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *13 (E.D. Cal. Sept. 5, 2025) (cleaned up). Respondents have not shown that anyone, let alone a neutral decisionmaker, has considered whether there is any changed circumstance that warrants Petitioner's re-detention, or that there was any process in place to make such a finding. That lack of process led to what appears to be a mistaken decision—Petitioner's removal order is not yet administratively final, because she had appealed to the BIA.

Finally, Respondents have not articulated any countervailing government interest—the third and final *Mathews* factor—that supports providing this process only after Petitioner's parole has been revoked. Due process "usually" requires a hearing *before* the State deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Exceptions to that general rule are appropriate where quick action is necessary or where it is impractical or impossible to provide pre-deprivation process. *Id.* at 128. But neither of those exceptions appears to apply here.

In short, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low." *Ortega*, 415 F. Supp. 3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03878-BFM

**Date:**  July 17, 2026

**Title:**  *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

=====================================================================

970; *see also Morrissey*, 408 U.S. at 483 (noting that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] . . . [y]et, the State has no interest in revoking parole without some informal procedural guarantees"). Because each of the *Mathews* factors favors Petitioner's bid for pre-deprivation process, the Court finds that Petitioner's detention—which was accompanied by *no* process—violates the Due Process Clause.

## III.  Appropriate Remedy

As has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position she would have been absent the due process violation—that is, she should be released from custody on the conditions that were initially imposed. *E.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (granting such relief); *Jasbin v. Warden*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *4 (S.D. Cal. Feb. 9, 2026) (ordering release due to due process violation despite government's argument that petitioner was only entitled to bond hearing as Maldonado Bautista class member); *Prior v. Chestnut*, No. 1:25-CV-01131-JLT-EPG-HC, 2026 WL 309560, at *9 (E.D. Cal. Feb. 5, 2026) (recommending immediate release as appropriate remedy for due process violation).

## IV.  Conclusion

Accordingly, Claim Two in the Petition (ECF 1) is granted. Petitioner Jimena Aranda Yglesia (A# 245-996-670) is immediately released on the conditions previously imposed. Any property confiscated during her arrest shall be returned to her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:**  5:26-cv-03878-BFM          **Date:**  July 17, 2026

**Title:**      *Jimena Aranda Yglesias v. Markwayne Mullin, et al.*

=====================================================================

The remaining claims in the Petition denied as moot in light of the relief granted on Claim Two, as is the request to limit transfer out of the District pending these proceedings.

The Court declines to enter the specific future injunctive relief sought (Pet. at 18); the process in this case is inadequate but the Court is not inclined to dictate the procedure that would comply with due process with the level of specificity requested.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:     ch